

# NUMBER 13-26-00267-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTHONY LEO SHERIDAN,                                    Appellant,

v.

KELLI D. WILLIAMS,
MICHAEL RICHARDSON, AND
SCOUTSVIEW SPORTS,                                       Appellees.

## ON APPEAL FROM THE 26TH DISTRICT COURT
## OF WILLIAMSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Chief Justice Tijerina**

On November 24, 2025, appellant Anthony Sheridan filed a pro se notice of appeal[1] from a final judgment signed on August 22, 2025.[2] Because appellant's notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

"A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction." *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022); *see Abraham v. Hernandez*, 705 S.W.3d 416, 423 (Tex. App.—El Paso 2024, no pet.). A notice of appeal is generally required to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. This deadline may be extended to ninety days after the judgment is signed if the appellant files a timely motion for new trial or other appropriate post-judgment motion. *See id.* R. 26.1(a); TEX. R. CIV. P. 329b(a).

An appellate court may also extend the time to file a notice of appeal if, within fifteen days after the deadline for filing it, the appellant files the notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* TEX. R. APP. P. 26.3. A motion for extension of time is necessarily implied when an appellant acting "in good faith" files a notice of appeal beyond Rule 26.1's filing deadline but within Rule 26.3's fifteen day period to seek the deadline's extension. *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (per curiam). However, even when a motion for extension of time is implied, the appellant must still provide a reasonable explanation for

---

[1] This appeal was transferred to this Court from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] Additional information about the underlying dispute can be found in one of our previous memorandum opinions. *See Sheridan v. Williams*, No. 13-21-00342-CV, 2023 WL 2607740, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 23, 2023, no pet.) (mem. op.) (affirming in part and reversing and remanding in part).

the delay in filing the notice of appeal. *See* TEX. R. APP. P. 10.5(b); *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam).

Here, the trial court signed its final judgment on August 22, 2025. Appellant filed his motion for new trial on September 22, 2025. Appellant's motion for new trial was timely filed because the thirtieth day from the date of judgment, September 21, 2025, was a Sunday, resulting in the deadline being extended to September 22, 2025. *See* TEX. R. CIV. P. 4, 329b(a). Because appellant timely filed a motion for new trial, his deadline to file the notice of appeal was extended to ninety days after the judgment was signed, or November 20, 2025. *See* TEX. R. APP. P. 26.1(a). Appellant filed his notice of appeal on November 24, 2025, outside of this deadline, but during the period in which we imply that appellant filed a motion for extension of time. *See Ryland Enter., Inc.*, 355 S.W.3d at 665. However, appellant did not provide an explanation, reasonable or otherwise, for the failure to timely file his notice of appeal. *See* TEX. R. APP. P. 10.5(b); *Hone*, 104 S.W.3d at 886.[3]

On April 9, 2026, this appeal was transferred to this Court. On April 14, 2026, the Clerk of the Court notified appellant that it appeared that his appeal was not timely perfected. *See* TEX. R. APP. P. 26.1, 37.1, 42.3(a). The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice. Appellant did not respond to the Clerk's directive or otherwise correct the defect in his notice of appeal.

The Court, having examined and fully considered the documents on file and the

---

[3] Although appellant did not provide an explanation for the untimely filing of his notice of appeal, appellant did file an unopposed motion for extension of time to file his brief in this matter. Because we lack jurisdiction over this appeal, we dismiss appellant's unopposed motion for extension of time as moot.

applicable law, is of the opinion that appellant's notice of appeal was not timely filed. When a notice of appeal is not timely filed, we must dismiss the appeal for lack of jurisdiction. *See In re J.J.R.*, 599 S.W.3d 605, 610 (Tex. App.—El Paso 2020, no pet.); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied) (per curiam); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Chief Justice

Delivered and filed on the
2nd day of July, 2026.